*George H. Huddy, Jr.*, for petitioners.
*Albert B. Crafts*, for respondents.

---

ELLEN M. DARCEY *vs.* PATRICK L. DARCEY.

JANUARY 13, 1909.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Specific Performance.   Husband and Wife.   Marital Relations.   Liquidated Damages.   Penalty.*

Bill for specific performance set out that, complainant wife having instituted divorce proceedings, a written agreement was entered into between herself and respondent husband, for the purpose of reconciliation, by which the

husband agreed to deed to her a one-half interest in real estate, and further
agreed that he would not consort with another woman, with condition that
if he failed to keep this last agreement he would convey to the wife the re-
maining one-half interest in the real estate.   The wife agreed to discontinue
the divorce petition, to condone all matters between them, and resume
marital relations:—

*Held*, that, under the provisions of Pub. Laws cap. 335, the agreement was
one that the parties had the right to enter into.

*Held*, further, that it was based upon a valuable consideration.

*Held*, further, that the conveyance to be made by respondent upon violation
of his agreement was in the nature of liquidated damages and not a penalty
or forfeiture, and, as damages, would not be regarded as more than adequate
compensation for the petitioner.

*Held*, further, that the petitioner was entitled to the relief sought.

(2)   *Equity Pleading.   Demurrers.*

A demurrer to a bill in equity on the grounds that (a) the bill does not state
a case for relief;  (b) that the agreement mentioned is void and of no effect;
and (c) that the promise is one that can not be enforced, is too general to
be considered.

Bill in Equity for specific performance.   Heard on appeal
from decree of Superior Court sustaining respondent's de-
murrer, and decree reversed.

Dubois, J.   This is an appeal from the decree of the Su-
perior Court sustaining the respondent's demurrer and dis-
missing the complainant's bill in equity.

The bill of complaint was brought by the complainant
against the respondent, for the purpose of enforcing his specific
performance of the following agreement:

"This Agreement made and entered into the 27th day of
November A. D. 1906, by and between Patrick L. Darcey,
known also as Lawrence P. Darcey, and Ellen M. Darcey, his
wife, both of Pawtucket, in the county of Providence, State
of Rhode Island, Witnesseth:

"Whereas the parties hereto have been living apart and
said Wife has a suit for divorce now pending in the Supreme
Court of this state against her said husband; and whereas they
are desirous of settling their differences and become reconciled,
it is therefore agreed as follows:

"I.   Said P. L. Darcey, husband as aforesaid, agrees to
execute and deliver to his said wife a good and sufficient deed

of a one-half interest in the real estate owned by said husband on the Westerly side of High St. Pawtucket, and land situate and known as the Northeasterly side of Broadway in said Pawtucket (Nos. 86, 88, and 90 Broadway) one-half of the land on Osborn St. Providence, R. I. with the buildings and improvements thereon, which said land shall hereafter be owned in common by them, each owning one half.

"II. Said Ellen M. Darcy shall also have the rents of the estates which she is at present receiving.

"III. Said Patrick L. Darcey further agrees that he shall never again consort with, keep the company of, or support or pay any money or other valuables to, a certain woman known by the name of Hughes or the child she claims belongs to said Patrick L. Darcey. If said Patrick L. Darcey shall break this agreement concerning said woman either in letter or spirit, then this condonation shall be void and said Patrick L. Darcey shall immediately convey to said Ellen M. Darcey his remaining interest in the above mentioned land; and in case of his neglect or refusal so to do on the occurrence of such breach of this agreement by him, the Superior Court of this county is hereby authorized on the application of said Ellen M. Darcey, to appoint a commissioner to make such conveyance to said Ellen M. Darcey, and her heirs:

"IV. And the said Ellen M. Darcey hereby agrees to discontinue the said petition for divorce and to condone the matters between herself and her said husband, in consideration of the premises, and to live with said Darcey as his lawful wife and care for him as such and of their common home and estates.

"IN WITNESS WHEREOF the parties hereto do hereunto set their hands and seals, binding themselves and their several and respective heirs, the day and year above written.

"Paragraph II. erased before signing.

| "In Presence of— | L. P. DARCEY, | (seal) |
| "H. J. CARROLL, | ELLEN N. DARCEY, | (seal)" |

The demurrer referred to was based upon the following grounds:

"1.   That said complainant does not state such a case as would entitle him to the relief sought.

"2.   That said agreement mentioned in said bill of complaint is void and of no effect.

"3.   That said agreement mentioned in· said bill of complaint was given without any consideration whatsoever.

"4.   That said agreement is a voluntary one and cannot be enforced in a court of equity.

"5.   That the promise of the gift of the land in question under the conditions set out in the agreement is such that under the allegations set out in the bill cannot be enforced and the respondent compelled to make a transfer thereof.

"6.   That said agreement to make said transfer under the conditions set out in the bill was entered into by the respondent without any valuable consideration.

"7.   That said bill does not set out the whole of said agreement nor make a copy of the same a part of said bill of complaint.

"8.   That by said bill it appears that said complainant has not kept and performed her part of said agreement."

The reasons given by the Superior Court for sustaining the demurrer and for dismissing the bill were: "The agreement of which the complainant prays specific performance is plainly in the nature of a penalty agreed upon by the parties for the future breach of said agreement by the respondent.

"Equity will not lend its aid to enforce a penalty or a forfeiture, and the complainant can not have in this proceeding the relief which she seeks."

The first, second, and fifth grounds of demurrer are too general to be considered.

The seventh and eighth specifications are without merit.

And the third and fourth grounds add nothing to those contained in the sixth paragraph.

Therefore, the only questions necessary to be considered are the following: Were the parties capable of entering into the

agreement? Second: Was the agreement entered into without a valuable consideration? And, third: Shall the conveyance promised by the respondent upon breach of his said agreement be regarded as a penalty or forfeiture, or in the nature of liquidated damages?

There can be no question but that the complainant and respondent had the right to enter into the agreement. Under the provisions of Pub. Laws cap. 335, passed May 14, 1896, Gen. Laws cap. 194, § 3, was amended so as to read as follows:

"SEC. 3. A married woman may make any contract whatsoever the same as if she were single and unmarried, and with the same rights and liabilities."

The agreement is based upon a valuable consideration. "A valuable consideration is some legal right acquired by the promisor in consideration of his promise, or forborne by the promisee in consideration of such promise." 1 Page, Contracts, § 274 and cases cited. By clause IV of the agreement, the said Ellen M. Darcey agrees to discontinue her petition for divorce, and the bill avers and the demurrer admits that she did discontinue the same. This was clearly a forbearance to prosecute a legal right which she had. *Sommer* v. *Sommer*, 84 N. Y. Supp. 446; *Duffy* v. *White*, 115 Mich. 270; *Polson* v. *Stewart*, 167 Mass. 216, and cases cited. See also *Adams* v. *Adams*, 91 N. Y. 384, in which the remarks of Rapallo, J., are pertinent: "We are unable to perceive on what ground the arrangement can be regarded as against public policy. It tended to restore peace and harmony between husband and wife, and renew their conjugal relations. Agreements to separate have been regarded as against public policy, but it would be strangely inconsistent if the same policy should condemn agreements to restore marital relations, after a temporary separation had taken place. While the law favors the settlement of controversies between all other persons, it would be a curious policy which should forbid husband and wife to compromise their differences, or preclude either from forgiving a wrong committed by the other."

We regard the conveyance to be made by the respondent,

upon violation of his agreement, in the light of liquidated damages and not as a penalty or forfeiture.

The bill alleges and the demurrer admits that the respondent has performed that portion of his contract set out in the first paragraph thereof, and that thereby the complainant has become the owner of an undivided one-half part of the real estate and improvements therein mentioned. It is apparent from the agreement that this was regarded by the parties as compensation to the wife for the injury that she had theretofore sustained by reason of the misconduct of her husband. If one half of this real estate was deemed by the parties to be the equivalent of adequate damages for past misconduct, why should we question it? No one claims that the agreement was made with intent to delay, hinder, or defraud creditors. The innocent and injured wife and her guilty husband were also fully competent to fix the amount of damages the wife would sustain in case of the husband's future adultery with his former paramour, in which case the home re-established, in pursuance of the agreement, would be broken up, in violation thereof; and again the wife would be abandoned for the mistress, and made to suffer as much or more than before; in such circumstances can we say that the other half of the real estate is more than adequate compensation to the petitioner? We think not.

The bill alleges and the demurrer admits that the respondent has violated the essential condition of his agreement. We find, therefore, that the agreement is valid and subsisting; that it is founded on a valuable consideration; that the complainant has performed her part of the agreement and that the respondent has broken the same.

The complainant is entitled to the relief sought.

The decree of the Superior Court is hereby reversed, and the cause is remanded to the Superior Court with direction to overrule the respondent's demurrer, and for further proceedings in conformity herewith.

*Hugh J. Carroll,* for complainant.
*Claude J. Farnsworth,* and *Thomas F. Vance,* for respondent.