May 10, 2017

**Supreme Court**

No. 2014-246-Appeal.
(PC 10-2229)

Terry Andoscia                          :

v.                          :

Town of North Smithfield et al.                          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Terry Andoscia : 

v. :

Town of North Smithfield et al. :

Present: Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** In December 2008, Terry Andoscia (plaintiff) was reappointed to his fourth consecutive two-year term as assistant zoning inspector in the Town of North Smithfield (the town). The issue in this appeal is whether that appointment constitutes a contract of employment. The plaintiff appeals from a Superior Court judgment in favor of the town, by and through its finance director, Cheryl Ficarra, and the town administrator, Paulette Hamilton (collectively, defendants). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we are of the opinion that this case may be decided without further briefing or argument. We conclude, as did the trial justice, that, under the circumstances of this case, no contract exists; therefore, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

The material facts in this case are undisputed. In 2002, plaintiff was appointed to serve a two-year term as an assistant zoning inspector for the town. After successfully carrying out his

duties, plaintiff was subsequently appointed to two consecutive two-year terms by the town administrator, in 2004 and 2006. Shortly after the end of the latter term, he received a letter from the town clerk dated December 16, 2008, informing him of another appointment for a two-year term "expir[ing] on December 1, 2010." Less than two months later, however, on February 6, 2009, the town advised plaintiff to not report to work, and it ceased paying him. The plaintiff's employment was terminated for budgetary reasons and not for cause.

Thereafter, plaintiff filed a complaint with the Superior Court, alleging breach of employment contract and a violation of his constitutional rights.[1] The matter was reached and heard by a trial justice in a jury-waived trial on June 16, 2014.

At trial, Robert E. Benoit, a building and zoning official for the town and plaintiff's supervisor, testified that, in February 2009, there was a reduction in aid to the town from the state. For that reason, several employees were "temporarily laid off," and the remaining employees of the town "agreed to take a 20 percent cut in pay for a few months until the start of the new [fiscal] year on July 1st." He further testified that plaintiff was temporarily laid off and told that, because of the budget cut, he would not be compensated for any further work. As a result, plaintiff received no compensation after February 6, 2009. Benoit also stated that, in July 2009, after the beginning of a new fiscal year, he informed plaintiff "that he could come back to work any time that he wanted to."[2]

At the conclusion of trial, the trial justice entered final judgment in favor of defendants, from which plaintiff timely appealed.

---

[1] It appears, from the complaint, that plaintiff's constitutional contention is based on the Due Process Clause of the United States Constitution, as he alleges that his "constitutionally protected property right in his appointment" was infringed upon. On appeal, plaintiff does not raise any constitutional arguments. Therefore, we will not address this issue.

[2] At oral argument, plaintiff asserted that he was offered an opportunity to return at a reduced salary.

## II

## Standard of Review

"[I]t is well settled that [t]his Court will not disturb the findings of a trial justice sitting without a jury unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence * * *." Bank of America, N.A. v. P.T.A. Realty, LLC, 132 A.3d 689, 692 (R.I. 2016) (quoting South County Post & Beam, Inc. v. McMahon, 116 A.3d 204, 210 (R.I. 2015)). "A trial justice's findings on questions of law, however, are reviewed de novo." Id. (quoting Haviland v. Simmons, 45 A.3d 1246, 1256 (R.I. 2012)).

## III

## Discussion

On appeal, plaintiff contends that the trial justice erred in concluding that there was no contract between the parties. He maintains that the letter that the town clerk sent him "clearly convey[ed]" a promise that his position as assistant zoning inspector was for a term of two years, expiring "on December 1, 2010." Furthermore, plaintiff avers that "[t]he only question before the trial justice was the terms of th[e] contract[,]" which could have "readily be[en] determined from the * * * language of * * * [the] appointment letter." Conversely, the town argues that the trial justice did not err because plaintiff, as an employee "[s]erving at the pleasure of the [t]own [a]dministrator[,]" could be terminated "at any time, for any reason[,]" and that "[t]he appointment letter merely advised plaintiff of the appointment but was never intended to encompass the contract between the parties."

After the presentation of evidence, the trial justice provided substantial findings and ruled in favor of defendants. The trial justice found the testimony of Benoit credible; she also found that plaintiff's testimony was credible, "as far as it went." In particular, the trial justice found

- 3 -

that plaintiff "did not negotiate the terms of any agreement with the [t]own nor did he bargain over the terms of his employment." The trial justice also indicated that plaintiff's supervisor "offered no testimony to suggest" that plaintiff's appointment was anything other than "an appointment pursuant to * * * the [t]own [ordinance]." In addition, the trial justice concluded that "there was no evidence of mutuality of obligation" because "there was no evidence that plaintiff agreed to be reciprocally bound" by the employment.

The trial justice further noted that "[n]ot one of [the] witnesses provided testimony from which this fact finder is willing to infer that the parties in fact reached an agreement to employ plaintiff for two years subject only to his failure to adequately perform his job." In entering judgment for defendants, the trial justice specified that "[t]here was no testimony to evidence any meeting of the minds with respect to this essential term of the alleged contract, that is, termination for cause only" and, therefore, she "[was] not willing to infer its existence from the December 10, 2008 letter and the surrounding circumstances" because any agreement indicating "that plaintiff could be terminated only for cause plainly would have been in derogation of the clear and unambiguous language of * * * the [t]own [ordinance] which states that the assistant zoning inspector shall serve at the pleasure of the town administrator."

This Court reviews the validity and interpretation of contracts de novo. See Haviland, 45 A.3d at 1257. As such, we employ traditional contract theory to "determin[e] the existence of an enforceable contract." Id. "Under traditional contract theory, an offer and acceptance are indispensable to contract formation, and without such assent a contract is not formed." Id. at 1257-58 (quoting Smith v. Boyd, 553 A.2d 131, 133 (R.I. 1989)). Accordingly, "to form a valid contract, each [party] must have the intent to be bound by the terms of the agreement." Id. at 1258 (quoting Weaver v. American Power Conversion Corp., 863 A.2d 193, 198 (R.I. 2004)).

- 4 -

"It is a well-established principle that a valid contract requires 'competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation.'" Voccola v. Forte, 139 A.3d 404, 414 (R.I. 2016) (quoting DeLuca v. City of Cranston, 22 A.3d 382, 384 (R.I. 2011) (mem.)). "[C]onsideration 'consists of some legal right acquired by the promisor in consideration of his promise, or forborne by the promisee in consideration of such promise.'" DeLuca, 22 A.3d at 384 (quoting DeAngelis v. DeAngelis, 923 A.2d 1274, 1279 (R.I. 2007)). "When evaluating the sufficiency of contractual consideration, we employ 'the bargained-for exchange test.'" Id. (quoting DeAngelis, 923 A.2d at 1279). That test "provides that something is bargained for, * * * if it is sought by the promisor in exchange for his [or her] promise and is given by the promisee in exchange for that promise." Id. (quoting DeAngelis, 923 A.2d at 1279).

In the instant matter, plaintiff was appointed assistant zoning inspector pursuant to § 2-131 of the North Smithfield Code of Ordinances, which states that:

> "Within the framework of the Charter, Article XI, Section 4, there is hereby created the position of part-time zoning officer who shall be appointed by and serve at the pleasure of the town administrator. The zoning officer shall be responsible to and work under the direction of the building and zoning inspector and shall receive compensation as may be determined by the town council."

Here, we concur with the trial justice's decision because the plaintiff has failed to produce sufficient evidence to support his contention that a valid contract existed. Under the clear terms of the ordinance, a part-time zoning officer serves at the pleasure of the town administrator, and there is no evidence of a bargained-for exchange or that the plaintiff provided any consideration in exchange for a guaranteed two-year term of employment. Moreover, there is no indication in the record that the town bargained away its right to terminate the plaintiff at

the pleasure of the town administrator.  We perceive no cause, therefore, to disturb the trial justice's ruling.[3]

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court.  The record of this case shall be returned thereto.

Justice Flaherty attended the argument but did not participate in the decision.

---

[3] The plaintiff also suggested at oral argument that the town ordinance at issue conflicts with the town charter which, he claims, permits his ouster only for cause.  Under our well-settled "raise-or-waive" rule, however, an issue not raised before a trial justice is not preserved for appellate review. See Town Houses at Bonnet Shores Condominium Association v. Langlois, 45 A.3d 577, 584 (R.I. 2012) (enunciating that issues not raised at trial constitutes a waiver).  Moreover, the failure to set forth an issue in written submissions to this Court is also waived. See id. (declining to address issues on appeal that "were not sufficiently developed in * * * written submissions").

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Terry Andoscia v. Town of North Smithfield et al. |
| **Case Number** | No. 2014-246-Appeal.<br>(PC 10-229) |
| **Date Opinion Filed** | May 10, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Patricia A. Hurst |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas M. Dickinson, Esq. |
| | For Defendants:<br><br>Marc DeSisto, Esq. |