Joseph CATELLI

v.

Joyce FLEETWOOD et al.

No. 2002–667–Appeal.

Supreme Court of Rhode Island.

March 11, 2004.

Russell Bramley, Esq., Warwick, for Plaintiff.

Joyce Fleetwood, Pro se, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, GOLDBERG, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The defendant, Sidney Sutphen (Sutphen), appeals *pro se* from a Superior Court judgment awarding Joseph Catelli (Catelli or plaintiff) possession of an apartment and $588 in damages, plus interest and costs. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel[1] for the plaintiff and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

## Facts and Travel

The defendants, Sutphen and Joyce Fleetwood[2] (collectively, defendants), are tenants in an apartment building Catelli owns at 1161 West Shore Road in Warwick, Rhode Island. They lease the premises on a month-to-month basis. The monthly rental is $450, of which defendants pay $98 per month, and the balance is subsidized through Section 8 housing.

On August 28, 2002, a five-day demand notice pursuant to G.L. 1956 § 34–18–35 was mailed to defendants, stating that they were $882 in arrears. Shortly thereafter, Catelli filed a trespass and ejectment action against them in the Third Division District Court. The defendants failed to file an answer to the complaint for eviction in the District Court. Moreover, defendant Fleetwood did not appear at the District Court hearing, and thus was defaulted. Sutphen appeared *pro se*, but maintained that until the night before the hearing, he thought that he would be represented through Rhode Island Legal Services. As a result of the hearing, a judgment was entered in favor of plaintiff for possession of the apartment and back rent of $980. The defendants timely appealed to Superior Court.

The matter was reached for a trial *de novo* on October 7, 2002. It is uncontroverted that defendants had filed neither an answer, counterclaim, nor motion seeking to file the same out of time. The defendants were represented by counsel, who entered the case on their behalf only four days before the scheduled trial. Neither defendants nor their counsel sought to file an answer or counterclaim, or requested a continuance. It appears from the transcript that immediately before the trial began, Catelli's counsel inquired whether

---

1. Sidney Sutphen did not appear for oral argument.

2. Joyce Fleetwood did not file an appeal from the Superior Court judgment.

defendants ever had answered the case. The trial justice then said,

> "[n]ormally when an appeal is taken the answer previously interposed serves as the answer much like the complaint does. If they haven't answered, if you need to file an answer, obviously, everybody is here for trial. * * * So I would assume if you have not answered, it appears you haven't, you can do so. I don't know what prejudice it would create."

The record reflects no response from defendants' counsel.

The plaintiff proffered only one witness, Robert Hayden (Hayden), the property manager for Catelli's apartment building. He testified that as of the hearing date, defendants owed back rent totaling $1,078. He said that he had not been able to collect the rent from defendants despite repeated attempts to do so. He further testified that on August 28, 2002, he notified defendants of the rent they owed.

On cross-examination of Hayden, defense counsel attempted to inquire whether the landlord once had operated an allegedly illegal engine repair shop in the garage adjacent to defendants' apartment. Defense counsel also suggested that there were numerous housing code violations that would explain, if not justify, the withholding of rent. The trial justice barred this line of inquiry, however, because this defense had not been raised in the pleadings and plaintiff was not prepared to address the merits of the allegations. Therefore, the trial justice would not permit defendants to present evidence to support their allegations that the apartment was uninhabitable or that Catelli had sought to evict them in retaliation for making such allegations. In sustaining plaintiff's objection to defense counsel's line of questioning, the trial justice ruled as follows:

"I am going to sustain the objection. Apparently just to [simplify] this, you will be offering evidence that the unit is unfit, I guess, for habitation based on its condition. [Plaintiff's counsel] has indicated he is going to object to that line of inquiry. Basically we have a case here that was defaulted in District Court. It comes up here on appeal for a trial de novo. It has not been answered. And being very liberal in * * * allowing this to go forward on the alleged breach which is for nonpayment, I have been liberal in allowing the defendant to have a trial, but you're going to go into things that have not been pled. Obviously, it would be prejudicial to the plaintiff. * * * So I am going to sustain the objection of this line of inquiry."

The only witness to testify on behalf of defendants was Sutphen himself. When Sutphen was asked why he had not paid the $98 monthly rent that was owed under the lease, plaintiff's counsel objected. The trial justice reserved his ruling, allowing the witness to answer. Sutphen then recounted a litany of complaints concerning purported code violations and other problems with the apartment. Thereafter, the trial justice granted plaintiff's motion to strike, explaining:

> "I am going to grant the motion to strike. Again, it is not to condone conditions as you allege them to be, but this cannot be tried here today because the plaintiff wasn't prepared to try these issues because this wasn't pled at all. So I'm not going to go down this path. All I want to know is whether rent was paid for the period that the plaintiff contends it was not * * *."

At the conclusion of the trial, the trial justice awarded judgment for plaintiff for possession and $588 in damages for back rent. A judgment was entered on October 9, 2002, which reported the above damages

as well as an award of interest and costs, and Sutphen filed a timely notice of appeal. Coincident with the entry of judgment against defendants, their counsel withdrew from continuing his *pro bono* representation of defendants. After filing the appeal, Sutphen sought a stay of execution, which was denied by this Court on December 5, 2002.

## Discussion

On appeal, Sutphen seeks relief from the Superior Court judgment on the grounds that defendants were not able to introduce evidence that they withheld rent until repairs were made on the premises. He also asserts that the eviction action was instituted in retaliation against them for reporting zoning and housing code violations committed by their landlord. He further alleges violations of the Rhode Island Housing Maintenance and Occupancy Code, G.L. 1956 chapter 24.3 of title 45, for failure to make timely repairs.

In a supplemental memorandum, Sutphen contends that his counsel did not advise him that he had to file an answer when the District Court judgment was appealed to Superior Court. Therefore, he argues, he was not afforded an opportunity to present any defense to the trespass and ejectment action, and accordingly was not granted a true trial *de novo* in Superior Court.

Catelli argues that the trial justice properly excluded evidence of alleged minimum housing violations because defendants failed to plead the allegations in violation of Rule 8(c) of the District Court Civil Rules, and thereafter never filed a motion to answer out of time. Nor did they request a continuance of the trial so that they could seek to file an answer out of time. Hence, any defenses that could have been claimed were waived.

Rule 12(a) of the District Court Civil Rules, as well as its counterpart Rule 12(a)(1)(A) of the Superior Court Rules of Civil Procedure, requires a defendant to serve an answer within twenty days after the summons and complaint are served. Rule 8(b) of both the Superior Court Rules of Civil Procedure and District Court Civil Rules require that "[a] party shall state in short and plain terms [the party's] defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies[,]" and both versions of Rule 8(c) state that "a party shall set forth affirmatively * * * any * * * matter constituting an * * * affirmative defense."

■ It is well settled that "failure to plead an affirmative defense results in its waiver." *Duquette v. Godbout,* 416 A.2d 669, 670 (R.I.1980). However, "[t]here is no requirement that an affirmative defense be specifically labeled as such, and the defense 'may be pleaded in general terms so long as it gives the [plaintiff] fair notice of the defense.'" *Tucker v. Mammoth Mart Inc.,* 446 A.2d 760, 762 (R.I.1982) (quoting 1 Kent, *R.I. Civ. Prac.* § 8.6 at 87 (1969)).

■ Our review of the trial transcript and memoranda submitted by defendants leads us to conclude that defendants were attempting to assert a defense of justification. Essentially the allegation is that the condition of the apartment, the landlord's failure to make repairs, and the numerous housing code violations warranted their withholding of the monthly rental payments.

■ "'A plea of justification is a plea in confession and avoidance'" and "clearly constitutes an affirmative defense to an action of trespass." *Duquette,* 416 A.2d at 670, 670. Here, defendants acknowledged their nonpayment, but sought to avoid liability as a result of Catelli's conduct. We

conclude, therefore, that defendants' failure to plead the defense affirmatively constitutes a waiver thereof. *See Tucker*, 446 A.2d at 762.

The remaining issue, consequently, is whether defendants' *pro se* status excuses their failure to file an answer in either the District or Superior Court. We answer in the negative.

Section 34–18–35 specifies the procedure for notifying tenants that they are in arrears in their rental payments. In accordance therewith, Hayden notified defendants of the amount they owed in his letter on August 28, 2002, to defendants. Shortly thereafter, Catelli filed a "Complaint for Eviction for Non–Payment of Rent" as provided in § 34–18–56(d) on a form supplied by the District Court clerk's office. The record indicates that both defendants were personally served with a copy of the complaint, original summons, and blank answer form in substantial conformance with § 34–18–56(g). The summons specified that "[i]f you claim a defense, you must complete the enclosed answer and file it with the clerk of court prior to or at the time of hearing." The summons further admonishes the tenants that "[i]f you fail to answer or appear at the hearing, you will be defaulted and judgment for possession * * * and back rent may enter against you."

Catelli contends, and defendants do not contest, that he included the blank "Tenant's Answer" as set forth in § 34–18–56(j), with the summons that he served on defendants. This form lists seven possible defenses, as well as the open-ended "I have other defenses as follow." The defendant is clearly instructed to "check the appropriate box(es)" if one or more of the

defenses apply.[3] The blank answer form also includes a counterclaim in which the tenant may specify the amount of damages to which he or she believes he or she is entitled.

The charge on the summons was clear; failure to answer or appear *would* result in default and judgment against the tenant. The summons was not a long form. The type was plain and large enough to be read by any literate person. The defendants here do not claim to be illiterate or non-English speaking. The form did not contain any "fine print" or legalese. The section instructing defendants to answer and appear at the hearing appeared less than halfway down the page of the single-page document. The defendants' *pro se* status does not excuse their failure either to answer the complaint for eviction or to raise affirmative defenses, particularly when pleading a defense is made easier by the answer form accompanying the summons.

Also of significance is that defendants were, in fact, represented by counsel at the trial *de novo* in Superior Court, yet they made no attempt to file an answer out of time or seek a continuance of the trial.

We do not credit the defendants' argument that their *pro se* status has prejudiced them. On the contrary, we agree with the trial justice that the plaintiff would have been unfairly prejudiced had the defendants been allowed to raise new issues at trial. The trial justice did not commit error in denying the defendants' attempt to proffer evidence that they had withheld rental payments pending the completion of various repairs to their rental unit.

---

**3.** We note that paragraph 7 of the "Tenant's Answer" form states: "The landlord is trying to evict me because I have exercised my legal rights by calling code enforcement officials, or by taking the following protected action[.]"

## Conclusion

For the reasons presented herein, we affirm the judgment of the Superior Court. The papers in this case shall be returned to that court.

Justice FLAHERTY did not participate.

