**Supreme Court**

No. 2012-343-Appeal.
(PC 10-310)

Antonio P. Rosano          :

v.                    :

Mortgage Electronic Registration Systems,    :
Inc., et al.

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Antonio P. Rosano                          :

v.                          :

Mortgage Electronic Registration Systems,    :
                    Inc., et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiff, Antonio P. Rosano, appeals from a final judgment dismissing his complaint against the defendants Mortgage Electronic Registration Systems, Inc. (MERS), EquiFirst Corporation (EquiFirst), and Sutton Funding LLC c/o HomEq Servicing (Sutton Funding) (collectively defendants). The plaintiff filed suit in the Superior Court seeking a declaratory judgment and injunctive relief preventing the foreclosure sale of his mortgaged property, arguing that the assignment of his mortgage through MERS was a legal nullity. On appeal, the plaintiff asks us to address anew the question of whether a nominee of a mortgage lender, holding legal title to the mortgage but not holding the correlative promissory note, may exercise the statutory power of sale and foreclose on the mortgaged property. The defendants assert that the action is controlled by our recent precedent and that the dismissal of the plaintiff's complaint was appropriate under Rule 12(b)(6) and (7) of the Superior Court Rules of Civil Procedure.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we

conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

On June 25, 2007, Rosano executed an adjustable-rate promissory note in favor of EquiFirst in the amount of $379,000, secured by a mortgage on real estate located at 331 High Street in the Town of Bristol (the property). The mortgage designates EquiFirst as the Lender and names MERS as the mortgagee and the Lender's nominee.[1] The mortgage document provides, in relevant part, that "Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale * * * ." The mortgage document also provides that "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property * * * ."

---

[1] It may be useful at this point to restate our description of MERS and its role in the mortgage industry. In 1993, several major participants in the lending community created a national electronic registration database to track transfers of ownership interests in mortgaged properties; the system created is MERS. Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072 (R.I. 2013). MERS operates to streamline the process of rapid home-loan transfers and to minimize recording errors. Id. at 1073. In MERS transactions, a member of MERSCORP, Inc. (MERSCORP), the parent corporation owning MERS, extends a loan. Id. The lending member is designated on the promissory note as the lender; MERS is named in the mortgage as the mortgagee and acts as nominee for the lender, as well as any successors and assigns of the lender. Id. Therefore, whenever there is a transfer of a note between MERSCORP members, there is no need to record an assignment of the mortgage, as MERS remains the mortgagee of record and may act as nominee for all MERSCORP members. Id. When the transfer is from a MERSCORP member to a nonmember, an assignment from MERS to the nonmember is required. Id.

On September 4, 2009, MERS, as EquiFirst's nominee, assigned the mortgage to Sutton Funding, recording the assignment in the land evidence records of the Town of Bristol. Shortly thereafter, in November 2009, the mortgage was assigned again, this time from Sutton Funding to Bank of New York Mellon Trust Company (Bank of New York); the assignment was again recorded in the land evidence records of Bristol. Bank of New York then sent a notice of default for nonpayment to Rosano.[2] After Rosano failed to act to remedy his default, Bank of New York published a notice of sale in The Providence Journal for four weeks and initiated a foreclosure sale. The foreclosure sale occurred on January 6, 2010, with Bank of New York prevailing as the highest bidder and recording a foreclosure deed the next month, on February 9, 2010.

On January 15, 2010, before Bank of New York recorded the foreclosure deed, plaintiff filed suit in Superior Court challenging the validity of the two assignments of the mortgage, as well as the foreclosure sale of the property. The defendants filed a motion to dismiss under Rule 12(b)(6) and (7).

In deciding the motion to dismiss, the hearing justice determined that plaintiff's allegations with respect to the invalidity of the mortgage assignment were merely conclusory statements and that plaintiff had failed to plead facts that "raise a right to relief above the speculative level." Accordingly, he dismissed plaintiff's complaint under Rule 12(b)(6). The hearing justice also held that the assignments from MERS to Sutton Funding and from Sutton Funding to Bank of New York were both valid. He further concluded that Bank of New York lawfully commenced foreclosure proceedings and that, as the successful bidder, it now holds valid title to the property.

---

[2] Although plaintiff argues in his Rule 12A statement that Bank of New York lacked authority to send a notice of default, he does not contend anywhere in his submission that he was not in default.

- 3 -

Additionally, the hearing justice dismissed plaintiff's complaint under Rule 12(b)(7) for failing to join an indispensable party, i.e., Bank of New York. The hearing justice found that the interests of Bank of New York as the current title holder of the recorded deed in question were inextricably tied to the adjudication of the issues presented by plaintiff's complaint, which specifically sought nullification of the foreclosure sale and return of title to plaintiff. The hearing justice therefore held that Bank of New York was an indispensable party to the action brought by plaintiff and, accordingly, he dismissed the complaint.

## II

## Standard of Review

Because the hearing justice predicated the judgment dismissing plaintiff's complaint on the alternate grounds of Rule 12(b)(6) and (7), we need affirm on only one such ground to dispose of the issues raised in this appeal. As it is eminently clear to us that Bank of New York, as record holder of the property in question, is an indispensable party to this litigation, we rest our opinion upon Rule 12(b)(7).

"Like questions of statutory construction, the interpretation of court rules of procedure is a legal question for the court." UAG West Bay AM, LLC v. Cambio, 987 A.2d 873, 877 (R.I. 2010) (quoting McDonough v. McDonough, 962 A.2d 47, 54 (R.I. 2009)). We review questions of law de novo. Id. "Our review is de novo because this Court is in the best position to decide the merits of a given question of law." Warwick Sewer Authority v. Carlone, 45 A.3d 493, 498 (R.I. 2012) (quoting N & M Properties, LLC v. Town of West Warwick, 964 A.2d 1141, 1144 (R.I. 2009)).

## III

## Discussion

The plaintiff's complaint for declaratory and injunctive relief was brought specifically under the provisions of the Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9. Section 9-30-11 provides in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." As we recently emphasized in Burns v. Moorland Farm Condominium Association, 86 A.3d 354, 358 (R.I. 2014), the command of § 9-30-11 is mandatory. "[O]rdinarily failure to join all persons who have an interest that would be affected by the declaration is fatal." Burns, 86 A.3d at 358 (quoting Abbatematteo v. State, 694 A.2d 738, 740 (R.I. 1997)). Moreover, Rule 19(a) of the Superior Court Rules of Civil Procedure is abundantly clear in its requirements for joining indispensable parties, stating that:

> "A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest * * * ." (Emphasis added.)

This Court has defined "an indispensable party as one 'whose interests could not be excluded from the terms or consequences of the judgment * * * as where the interests of the absent party are inextricably tied in to the cause * * * or where the relief really is sought against the absent party alone.'" Root v. Providence Water Supply Board, 850 A.2d 94, 100 (R.I. 2004) (quoting Anderson v. Anderson, 109 R.I. 204, 215, 283 A.2d 265, 271 (1971) (emphasis omitted)).

In the case under review, Bank of New York is the current title holder of the property, after foreclosing on the property and prevailing at the foreclosure sale as the highest bidder. It is difficult to imagine a scenario in which the complete relief sought—the quieting of title to the property—could be accorded to plaintiff where the current title holder is not named as a party. Even if we were to take all of plaintiff's allegations as true and assume that the assignment to Bank of New York was invalid, Bank of New York would nevertheless be a party claiming an interest that would be affected by the declaratory relief sought by plaintiff.

In his papers submitted to this Court, plaintiff "concurs with the conclusion that the interests of all parties in a title clearing action must be protected." He urges us, however, to adopt a "pragmatic approach" and conclude that Bank of New York was sufficiently on notice and suffered no prejudice. He asserts that the purported assignment from Sutton Funding was to "The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust, c/o Homeeq. [sic], 4837 Watt Avenue, Suite 100, MC: CA3501, North Highlands CA, 95660." As HomEq "was the contact for the Trust," he posits, HomEq was clearly standing in the shoes of Bank of New York. Thus, he contends that he believed in good faith that naming HomEq in the complaint and having it served with process was "sufficient to put Bank of New York on notice of the fact that its interest would be impacted by this lawsuit." He concludes by alleging that "Bank of New York is in this case by virtue of its incestuous relationship with [HomEq] and that its interests are being protected by [HomEq]."

We cannot accept plaintiff's premise that naming HomEq in the complaint and serving it with process satisfies the clear requirements of Rule 19(a) or § 9-30-11. Bank of New York was clearly an interested party in plaintiff's claim for declaratory relief. "All parties who have an interest that would be affected by a declaration are indispensable and must be joined in a

- 6 -

declaratory judgment action." <u>Meyer v. City of Newport</u>, 844 A.2d 148, 152 (R.I. 2004); <u>see</u> <u>Burns</u>, 86 A.3d at 358. "A court may not assume subject-matter jurisdiction over a declaratory-judgment action when a plaintiff fails to join all those necessary and indispensable parties who have an actual and essential interest that would be affected by the declaration." <u>Meyer</u>, 844 A.2d at 152 (quoting <u>Sullivan v. Chafee</u>, 703 A.2d 748, 754 (R.I. 1997)).

Because the plaintiff has failed to join Bank of New York to the action, we are of the opinion that the hearing justice's dismissal of the action on Rule 12(b)(7) grounds was entirely appropriate. We need not reach, therefore, the questions presented regarding the sufficiency of the plaintiff's complaint under Rule 12(b)(6).

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record in this case shall be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Antonio P. Rosano v. Mortgage Electronic Registration Systems, Inc., et al.

**CASE NO:**  No. 2012-343-Appeal.
(PC 10-310)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  June 2, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  George E. Babcock, Esq.

For Defendants:  Charles C. Martorana, Pro Hac Vice
David J. Pellegrino, Esq.