**Supreme Court**

No. 2016-39-Appeal.
(KM 13-1278)
No. 2016-131-Appeal.
(KC 14-773)

A. Salvati Masonry Inc.          :

        v.                       :

Michael Andreozzi et al.         :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2016-39-Appeal.
(KM 13-1278)
No. 2016-131-Appeal.
(KC 14-773)

A. Salvati Masonry Inc.    :

v.       :

Michael Andreozzi et al.   :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  In these consolidated cases,[1] the plaintiff, A. Salvati Masonry Inc. (Salvati or plaintiff), appeals a nonjury-trial judgment for the defendants, Michael and Amy Andreozzi (the Andreozzis or defendants).  This case came before the Supreme Court on November 3, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown. Thus, further argument or briefing is not required to decide this matter.  For the reasons outlined below, the Superior Court's judgment is affirmed.

**I**

**Facts and Travel**

This appeal emanates from a payment dispute over the construction of a backyard patio at defendants' property on Old Farm Road in East Greenwich, Rhode Island.  To develop their

---

[1] In the first case, Salvati appeals the denial of his complaint to enforce a mechanic's lien.  In the second case, Salvati appeals the denial of his complaint to recover for goods and services rendered and on book account.  The appeals were consolidated because the trial justice issued one decision pertaining to both cases and entered one judgment.

property, the property owners, the Andreozzis, hired Pariseault Builders (Pariseault) as a general contractor. In turn, Pariseault, a nonparty, subcontracted with Salvati for masonry work. From this involvement, Salvati claims money owed by the Andreozzis beyond that paid to it by Pariseault.

Mr. Michael Andreozzi testified first. He stated that he contracted in writing with Pariseault to build his home for $1.8 million. He and his wife paid Pariseault $180,000 for their general contracting services, and Pariseault subcontracted out various project parts. Mr. Andreozzi stated that Salvati submitted two bids on the project. The first, which involved the house structure, was completed. For this bid, Salvati received full payment of approximately $135,000. Pertinent to this appeal, the second bid, for $88,845, related to exterior landscaping.

Mr. Andreozzi testified that the second bid with Pariseault "included all of the back patio work, the pool patio, the walls around the back of the house, stone pillars, limestone caps, steps, et cetera * * * ." As such, he believed that Pariseault should have paid Salvati for the aforementioned work. Mr. Andreozzi responded affirmatively when asked whether he paid for the patio as part of Salvati's $88,845 bid for the second phase of masonry work.[2]

Additionally, Mr. Andreozzi testified about a conversation with Keith Salvati,[3] owner of Salvati, on July 10, 2013. He stated that Mr. Salvati told him that he made a significant error in his bid, worth between $12,000 and $15,000, because the bid erroneously omitted the patio masonry work. He also stated that Mr. Salvati told him to withhold payment for not-yet-

---

[2] This bid, introduced into evidence as plaintiff's exhibit 21, indicates that Salvati would perform the work for $88,845 and lists eleven items included in that bid price; it also lists several items that were not included. This document, along with other introduced documents, generally forms the basis for the parties' dispute, in that each side disagrees about whether patio construction was contemplated within the bid.

[3] Hereinafter, we refer to Keith Salvati as Mr. Salvati to avoid any confusion with A. Salvati Masonry Inc.

completed work. He further acknowledged that Salvati performed extra work outside of the original Pariseault subcontract, which he paid for on the basis of "time and materials."

Mr. Salvati testified next. He confirmed that Pariseault contacted Salvati to submit a masonry bid for the Andreozzis' project. Mr. Salvati denied making any bid-preparation error and asking Mr. Andreozzi to hold back payments.

Mr. Salvati testified that his prepared bid for Pariseault as the masonry project subcontractor excluded the back patio. He stated that he therefore did not bill Pariseault for the patio work he performed. He testified that the item Mr. Andreozzi referenced on the bid involved "the landscape part of the project," which encompassed "[c]ultured stone on walls, steps, and columns." Mr. Salvati also testified that he neither discussed a specific price for the patio work with the Andreozzis nor billed them on the basis of labor and materials. He suggested that the second masonry bid excluded the patio because the patio specifications, including the stone material and color, were not yet specified at the time of the masonry bid. Instead, he testified that he did not bill the Andreozzis for the patio until he did so with an invoice dated July 7, 2013.

Mr. Salvati confirmed that the Andreozzis requested that he complete extra work beyond that outlined in the original Pariseault subcontract. Mr. Salvati testified that, for work prior to the spring of 2013, Salvati billed Pariseault directly, and Pariseault either paid or declined to pay. After that time period, Salvati billed the Andreozzis directly. He testified that some original bid items shifted to the Andreozzis because the project was not yet complete. Mr. Salvati testified that, in February 2013, Pariseault paid him in full for everything billed through November 2012. However, because Mr. Salvati claimed that the original subcontract omitted the patio work, he stated that he never received payment for that work.

Mr. Salvati testified that the aggregate amount that the Andreozzis owed him was $45,377.08, which included the balance owed for work and material under the original Pariseault subcontract and work he performed directly for the Andreozzis. The witness indicated that he never billed the Andreozzis for anything for which Pariseault paid him.

Mr. Salvati confirmed that, as was Pariseault's practice for the Andreozzis' project, Salvati signed lien releases for the amount of payments he would receive. He testified that, as payments were received, Pariseault provided him with a corresponding lien waiver, and he executed all of them. When Salvati received notice of Pariseault's withdrawal from the project, he had signed lien waivers for all payments received up to that point.

Thomas Rezendes, Pariseault's general manager, testified next. He stated that the original Andreozzi project, for their home, was completed. He described it as a "cost-plus project," which meant that the Andreozzis were to complete outstanding work independently.

When asked whether "Pariseault Builders ever pa[id] A Salvati Masonry for the patio in the rear of the building?" Rezendes responded, "[a]ll we paid Salvati Masonry for what would have been * * * the cultured stone on the walls, steps and columns which surround the patio, but not the patio pavers itself." He confirmed that he understood that Salvati never submitted a bid for the home's rear patio; and, when asked whether Pariseault paid Salvati for the patio or the blocks themselves, he stated that he did not think so. Rezendes also testified that he was aware that Mr. Andreozzi was responsible for paying Salvati for all work after March 2013, regardless of whether or not the work was a part of the original Pariseault subcontract.

A bench trial was held on June 1 through June 3, 2015. The trial justice rejected both of plaintiff's claims in a written decision dated July 24, 2015, and judgment was entered for the Andreozzis on September 11, 2015. The plaintiff appealed on September 28, 2015.

## II

### Standard of Review

"When a trial justice presides over a nonjury trial, Rule 52(a) of the Superior Court Rules of Civil Procedure requires that he or she 'find the facts specially and state separately [his or her] conclusions of law thereon.'" South County Post & Beam, Inc. v. McMahon, 116 A.3d 204, 210 (R.I. 2015) (quoting JPL Livery Services, Inc. v. Rhode Island Department of Administration, 88 A.3d 1134, 1141 (R.I. 2014)). Yet, this requirement does not mandate an expansive analysis by the trial justice. Id. "[I]f the decision reasonably indicates that [the trial justice] exercised [his or her] independent judgment in passing on the weight of the testimony and the credibility of the witnesses it will not be disturbed on appeal unless it is clearly wrong or otherwise incorrect as a matter of law." Id. (quoting JPL Livery Services, Inc., 88 A.3d at 1141).

We will not disturb the trial justice's findings "unless * * * clearly erroneous or unless the trial justice misconceived or overlooked material evidence * * * ." McMahon, 116 A.3d at 210 (quoting JPL Livery Services, Inc., 88 A.3d at 1141). "When 'the record indicates that competent evidence supports the trial justice's findings, we shall not substitute our view of the evidence for his [or hers] even though a contrary conclusion could have been reached.'" Id. (quoting JPL Livery Services, Inc., 88 A.3d at 1142). This Court reviews questions of law de novo. Id.

## III

### Discussion

At bottom, this appeal is about whether plaintiff was paid to construct the Andreozzis' backyard patio. Throughout trial, inconsistent testimony emerged regarding whether Salvati received payment for this work. Although not clearly articulated, at its core, plaintiff argues that

the trial justice erred in his factual determinations and credibility assessments. In its memorandum filed with us, plaintiff asserts that the only issue before this Court is "whether or not Salvati is [owed] money from [the Andreozzis] * * * for work performed on [the] Andreozzis' property in the Spring/Summer of 2013." Thereafter, plaintiff cites trial testimony that counters the trial justice's finding that Salvati failed to prove that it was not paid for its patio construction work through the original Pariseault subcontract with the Andreozzis.

Implicitly, plaintiff argues that the trial justice misconceived and overlooked material evidence in reaching his decision. Salvati cites testimony to assert that "Salvati never bid on the patio, * * * never was paid by Pariseault, nor did Pariseault ever bill Andreozzi." Further, Salvati states, "It seems that the [c]ourt felt that Salvati bid on the total project, including the patio, and was paid in full when in fact those facts are incorrect." Yet, the trial justice found, "there was no testimony or exhibit which set forth with specificity any new items, outside the bid/subcontract for which Mr. Andreozzi was responsible, nor any price or scope of work for such items." The trial justice determined that "Salvati failed to establish by a preponderance of the evidence what masonry work was completed outside the original project scope, and the amount that remained unpaid as to that work." Further, he found "insufficient credible evidence from which the Court could distinguish which items involved completion of the original subcontract, and which items were completed by Salvati at the direct request of Mr. Andreozzi." Based on the evidence at trial, or lack thereof, the trial justice was not convinced that the Andreozzis owed Salvati money for the patio outside of the original Pariseault subcontract.

"It is well-established that we 'accord a great deal of respect to the factual determinations and credibility assessments made by the judicial officer * * * who has had an opportunity to appraise witness demeanor and to take into account other realities that cannot be grasped from a

- 6 -

reading of a cold record.'" State v. Van Dongen, 132 A.3d 1070, 1076 (R.I. 2016) (quoting State v. Erminelli, 991 A.2d 1064, 1069 (R.I. 2010)). A careful review of the record reveals that the trial justice neither overlooked nor misconceived material evidence. Salvati's challenges on appeal "are mainly centered on issues of credibility—that the trial justice chose to believe [defendants'] versions of events over [plaintiff's]. It is precisely these types of credibility findings with which this Court is [loath] to interfere." Gregoire v. Baird Properties, LLC, 138 A.3d 182, 193 (R.I. 2016).

Although the plaintiff broadly labels its arguments otherwise in its papers before us, each assertion challenges the trial justice's factual findings. For example, the plaintiff's prebriefing memorandum includes an argument labeled "Book Account/Goods and Services Rendered/Quantum Mer[u]it." In support of its quantum meruit argument, however, the plaintiff solely asserts that "Andreozzi received the benefit of the work performed and the materials produced by Salvati and never paid for the same." Similarly, the plaintiff seems to contest the trial justice's decision on its mechanic's lien claim yet neither cites any specific error nor raises any specific argument in this respect. Beyond mere conclusory trial testimony citations, the plaintiff does little to develop or articulate a discussion of its arguments for its book account, quantum meruit, unjust enrichment, or mechanic's lien claims. Generally, we deem an issue waived "when a party [s]imply stat[es] an issue for appellate review, without a meaningful discussion thereof * * * ." In re Jake G., 126 A.3d 450, 458 (R.I. 2015) (quoting Bucci v. Hurd Buick Pontiac GMC Truck, LLC, 85 A.3d 1160, 1170 (R.I. 2014)). Thus, based on the lack of development, these arguments are waived under this Court's raise-or-waive rule.

## IV

## Conclusion

For the aforementioned reasons, the Superior Court's judgment is affirmed. The record may be returned to that tribunal.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        A. Salvati Masonry Inc. v. Michael Andreozzi et al.

**CASE NO:**        No. 2016-39-Appeal.
(KM 13-1278)

No. 2016-131-Appeal.
(KC 14-773)

**COURT:**        Supreme Court

**DATE OPINION FILED:**    January 6, 2017

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Raymond R. Pezza, Esq.

For Defendants:  Joseph R. Daigle, Esq.