April 19, 2018

**Supreme Court**

No. 2017-87-Appeal.
(PC 15-5306)

West Davisville Realty Co., LLC    :

v.    :

Alpha Nutrition, Inc. et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

West Davisville Realty Co., LLC      :

v.      :

Alpha Nutrition, Inc. et al.      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The defendant, David Paolo (defendant or Paolo), appeals from a Providence County Superior Court judgment granting summary judgment in favor of the plaintiff, West Davisville Realty Co., LLC (plaintiff or West Davisville), holding Paolo liable on a personal guaranty of a termination of lease agreement between West Davisville and Alpha Nutrition, Inc. d/b/a Doggiefood.com (Alpha).[1]  This case came before the Supreme Court on March 8, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the parties' arguments and reviewing their memoranda, we are satisfied that cause has not been shown.  Accordingly, we shall decide this appeal at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

In August 2012, Alpha entered into a lease agreement with West Davisville to rent commercial space in North Kingstown for a five-year term—from September 1, 2012 to August

---

[1] Although Alpha is also a defendant in this action, default entered against Alpha on February 3, 2016, and no further action was taken.  Therefore, Alpha is not a party to this appeal.

1

31, 2017. In 2015, after suffering some financial setbacks, Alpha was past due on its rent payments to West Davisville. In response to this problem, Paolo, after developing a plan with Alpha's sole shareholder, said that he "communicated with West Davisville to determine whether [it] was willing to terminate its lease with Alpha prior to the full term of the written lease." Paolo explained that he was not a shareholder or officer of Alpha at that time, but he was under the impression that he might eventually hold such a position, and so he participated in the negotiations.[2]

In exchange for ending the lease agreement early, on June 25, 2015, Alpha entered a Termination and Release Agreement (the termination agreement) with West Davisville, and issued a promissory note, personally guaranteed by Paolo, for the sum of $62,362.50. The termination agreement provided, in pertinent part, that:

> "WHEREAS, the Landlord has agreed to terminate the Lease at Tenant's request in exchange for the consideration set forth below and upon the other terms hereof.
>
> * * *
>
> 2. <u>Consideration</u>. As consideration for Landlord's agreement to terminate the Lease at Tenant's request, Tenant shall pay Landlord the sum of Sixty Two Thousand Three Hundred Sixty-Two and 50/100 ($62,362.50) Dollars. Tenant agrees to make payments to Landlord over an 18 month term with interest accruing at the fixed rate of 5% per annum. The deferred payments shall be set forth in a Promissory Note to be executed contemporaneously with this Agreement and shall be secured by the unlimited personal guaranty of the Tenant's principal shareholder David Paolo. The guaranty shall be executed and delivered by Mr. Paolo contemporaneously with this Agreement."

---

[2] In its statement filed pursuant to Rule 12A of the Supreme Court Rules of Appellate Procedure, plaintiff refers to Paolo as a "sophisticated businessman" who founded a company and serves as the CEO of another company.

Additionally, the promissory note stated that:

> "FOR VALUE RECEIVED, the undersigned, **David Paolo, individually and Alpha Nutrition, Inc.,** a Rhode Island corporation (jointly and severally, the "Borrower"), does hereby promise to pay to the order of **West Davisville Realty Co., LLC,** a Rhode Island limited liability company * * * the principal sum of Sixty Two Thousand Three Hundred Sixty-Two and 50/100 ($62,362.50) Dollars, together with accrued interest on any and all principal amounts remaining unpaid hereunder from time to time from the date hereof until payment in full hereof."

Paolo signed the promissory note twice—on behalf of Alpha and individually.

He also executed a personal guaranty that stated, in relevant part, as follows:

> "1. <u>Guaranty</u>. Guarantor hereby absolutely and unconditionally guarantees to the Landlord: (i) the punctual payment, at the Landlord's address, as and when due under the Note (whether by acceleration or otherwise) of any and all obligations owed to the Landlord which require payment; and (ii) performance by Tenant, as and when required by the Note or the Termination Agreement of all obligations owed to the Landlord requiring performance."

Paolo and Alpha made the first payment, but made no further payments on the promissory note.

On December 4, 2015, plaintiff filed a complaint in Providence County Superior Court alleging breach of contract and unjust enrichment against Alpha and Paolo. In response, Paolo filed an answer with affirmative defenses, including the defenses of failure of consideration, fraud in the inducement by an Alpha shareholder, failure to join an indispensable party, and failure to properly mitigate damages.

West Davisville moved for summary judgment on May 2, 2016. Paolo objected to the motion, arguing that (1) there was a genuine issue of material fact with respect to whether West Davisville fraudulently induced Paolo to sign the contracts; (2) plaintiff failed to mitigate its damages; and (3) Paolo had received no consideration for his personal signatures on the documents, including the personal guaranty. Paolo also submitted an affidavit in support of his

objection to plaintiff's motion for summary judgment. In the affidavit, Paolo explained that, despite his understanding that he was likely to become a shareholder of Alpha, he never actually became one.[3]

In that affidavit, Paolo also stated that he had discovered that another tenant moved into Alpha's rented space soon after the agreement was made, which he believed occurred before the agreement was signed. He explained: "If I had known that West Davisville had organized another tenant to occupy the leasehold, I would not have signed the contracts. I believe now that I was fraudulently misled by West Davisville during negotiations."

After the hearing on the motion for summary judgment, in an attempt to "clarify certain factual issues" in his first affidavit, before a ruling was made, Paolo submitted a second affidavit. In it, he admitted that he had held himself out as a stockholder of Alpha during the negotiations. He also identified the two representations made by officers of West Davisville that caused him to sign the personal guaranty: (1) "that Alpha owed back rent in the amount of $62,362.50"; and (2) "that Alpha might eventually owe more rent because West Davisville was facing a potential vacancy of the [property]."

Paolo's contention was that West Davisville actually had a tenant in Alpha's location paying rent during the months for which West Davisville sought rent from Alpha, and, had Paolo known that, he would not have signed the documents. As evidence of his contention, Paolo

---

[3] At the summary-judgment hearing, the hearing justice expressed serious concerns with Paolo's sworn affidavit that conflicted with the information provided to the Rhode Island Secretary of State that listed Paolo as Alpha's CEO, suggesting that the affidavit stating that he was not the CEO of Alpha could be "very close to not only being a fraud upon the [c]ourt but perhaps a crime."

4

submitted an excerpt from an email authored by Steven DiCenso, the managing member of West Davisville, to an employee at the Quonset Development Corporation.[4]

On October 27, 2016, the hearing justice issued a written decision granting plaintiff's motion for summary judgment. First, the hearing justice determined that whether Paolo was a corporate officer of Alpha at the time he signed the termination agreement was not material to the resolution of the motion for summary judgment. The hearing justice concluded that the consideration sufficient to bind Alpha to the contract—the early release of Alpha from the lease—also flowed to the personal guaranty signed by Paolo, such that a valid contract was executed.

Next, the hearing justice determined that Paolo had not demonstrated any evidence to support his allegation of fraudulent inducement, but had only relied on the bare allegation in the following affirmative defense contained in his answer to plaintiff's complaint: "Fraud in the inducement, specifically that a prior shareholder of Alpha Nutrition, Inc., Tony Gabriele, falsely represented the business situation of Alpha Nutrition, causing this Defendant to enter into a guarantee which benefitted Mr. Gabriele." The hearing justice explained: "In offering a moving target of allegedly fraudulent statements—raising one type of fraud in his pleading but opposing summary judgment on another—Paolo has fallen well short of '[setting] forth specific facts showing * * * a genuine issue of material fact' to successfully oppose summary judgment." The hearing justice also determined that Paolo had failed to establish his fraud defense by clear and

---

[4] That email reads, in part, as follows:

> "I cannot start paying [Alpha's] bills because it will effect [*sic*] my case. The subtenant is Hope Valley Industries. They needed some additional storage space and I allowed them to use the [Alpha suite]. I'm keeping it quiet because it's very short-term and is allowing me to recoup some of the monies owed to me."

5

convincing evidence. Accordingly, he concluded that there was no genuine issue of material fact as to whether Paolo was fraudulently induced into signing the termination agreement, the promissory note, and the personal guaranty.

On the issue of West Davisville's purported failure to mitigate damages, the hearing justice held that any duty to mitigate evaporated with the lease—that is, the termination agreement replaced the lease and, under the termination agreement, West Davisville had no duty to mitigate damages. The hearing justice also determined that West Davisville was entitled to reasonable attorneys' fees based on the terms of the promissory note, to be calculated at a later date. Consequently, the hearing justice granted summary judgment in favor of West Davisville. Paolo timely appealed to this Court.

## II

### Standard of Review

When we review a hearing justice's grant of a motion for summary judgment, we conduct our analysis *de novo*. *Jessup & Conroy, P.C. v. Seguin*, 46 A.3d 835, 838 (R.I. 2012). If we determine that "there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law[,]" then we will affirm the grant of a motion for summary judgment. *Sisto v. America Condominium Association, Inc.*, 68 A.3d 603, 611 (R.I. 2013) (quoting *Zanni v. Voccola*, 13 A.3d 1068, 1071 (R.I. 2011)). We review "the evidence in the light most favorable to the nonmoving party." *Narragansett Indian Tribe v. State*, 81 A.3d 1106, 1109 (R.I. 2014). While "[s]ummary judgment is a drastic remedy," *Coogan v. Nelson*, 92 A.3d 213, 216 (R.I. 2014) (quoting *NV One, LLC v. Potomac Realty Capital, LLC*, 84 A.3d 800, 805 (R.I. 2014)), it is "appropriate when no genuine issue of material fact is evident from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, and the

6

[hearing] justice finds that the moving party is entitled to prevail as a matter of law." *Coogan*, 92 A.3d at 216 (quoting *Swain v. Estate of Tyre*, 57 A.3d 283, 288 (R.I. 2012)).

## III

## Discussion

## A

### Fraudulent Inducement

Paolo's main argument on appeal is that a genuine issue of material fact remains as to whether West Davisville fraudulently induced him to personally guarantee the agreements. Paolo maintains that West Davisville falsely represented to him that Alpha owed the rent it did because West Davisville did not disclose that it had already secured another tenant for the property, effectively providing plaintiff with a double recovery. West Davisville counters that Paolo failed to plead fraud against plaintiff as an affirmative defense. West Davisville alternatively argues that Paolo's allegations of fraud are inapposite because it is undisputed that Alpha owed past-due rent based on an acceleration clause in the lease, making Alpha liable regardless of whether West Davisville had secured another tenant.[5] Furthermore, West Davisville highlights that Paolo never filed a Rule 56(f) affidavit seeking limited discovery on the fraud issue.[6]

---

[5] The acceleration clause contained in the lease provides as follows:

> "Tenant hereby agrees that, in the event of Tenant's breach of this Lease, Tenant expressly waives any rights concerning [*sic*], and releases Landlord from, any and all mitigation obligations, and Tenant is responsible for paying all sums, including accelerated obligations, as aforesaid regardless of the potential or actual reletting of the Leased Premises."

[6] Rule 56(f) of the Superior Court Rules of Civil Procedure provides, in relevant part, that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for

7

It is well established that "[f]raud vitiates all contracts." *Guzman v. Jan-Pro Cleaning Systems, Inc.*, 839 A.2d 504, 507 (R.I. 2003) (quoting *Bogosian v. Bederman*, 823 A.2d 1117, 1120 (R.I. 2003)). If a party "is induced to enter into a contract based upon a fraudulent statement from the other party to the contract, then the party who has been fraudulently induced is not bound by the contract." *Id.* (quoting *Bogosian*, 823 A.2d at 1120); *see Bjartmarz v. Pinnacle Real Estate Tax Service*, 771 A.2d 124, 127 (R.I. 2001).

However, fraud is an affirmative defense, and failure to plead it in one's answer amounts to waiver. Super. R. Civ. P. 8(c); *Catelli v. Fleetwood*, 842 A.2d 1078, 1081 (R.I. 2004) ("It is well settled that 'failure to plead an affirmative defense results in its waiver.'" (quoting *Duquette v. Godbout*, 416 A.2d 669, 670 (R.I. 1980))). Nevertheless, an affirmative defense need not "be explicitly labeled as such, and the defense may be pleaded in general terms so long as it gives the [plaintiff] fair notice of the defense." *Catelli*, 842 A.2d at 1081 (quoting *Tucker v. Mammoth Mart Inc.*, 446 A.2d 760, 762 (R.I. 1982)).

It is clear that Paolo failed to assert fraud against plaintiff in his answer. The only fraud that Paolo pleaded was against "a prior shareholder of Alpha Nutrition, Inc., Tony Gabriele," who Paolo alleged "falsely represented the business situation of Alpha Nutrition," which allegedly caused Paolo "to enter into a guarantee which benefitted Mr. Gabriele." That is insufficient to put West Davisville on notice that there were allegations of fraud against it. Because Paolo never moved to amend his answer, his allegations raised for the first time in his affidavits in opposition to plaintiff's summary-judgment motion are not adequate to oppose summary judgment. *See Catelli*, 842 A.2d at 1081. Therefore, any attempt by Paolo to now

reasons stated present by affidavit facts essential to justify the party's opposition, the court may * * * order a continuance to permit * * * discovery to be had * * *."

8

point to purported evidence of fraudulent inducement by West Davisville is not relevant in this appeal.

## B

## Consideration

Paolo also argues that there is a genuine question of material fact as to whether West Davisville provided consideration to Paolo to effectuate a valid contract. To this, plaintiff responds that Paolo was the "President/CEO" of Alpha, and Alpha collected the benefit of terminating the lease early.

While we have doubts that defendant has even sufficiently briefed this issue,[7] we agree with the hearing justice that the consideration that benefited Alpha underlying the termination agreement is also attributable to Paolo's personal guaranty. *See Tri-Town Construction Co. v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 477-78 (R.I. 2016).

"[A] valid contract requires competent parties, subject matter, a *legal consideration*, mutuality of agreement, and mutuality of obligation." *Andoscia v. Town of North Smithfield*, 159 A.3d 79, 82 (R.I. 2017) (quoting *Voccola v. Forte*, 139 A.3d 404, 414 (R.I. 2016)). "With respect to the requirement of consideration specifically, we have stated that consideration 'consists of some legal right acquired by the promisor in consideration of his promise, or forborne by the promisee in consideration of such promise.'" *Voccola*, 139 A.3d at 414 (quoting *DeLuca v. City of Cranston*, 22 A.3d 382, 384 (R.I. 2011) (mem.)). While a personal guaranty "must be supported by consideration, there is no requirement that the guarantor receive a direct benefit." *Tri-Town Construction Co.*, 139 A.3d at 477. In fact, we have previously determined

---

[7] *See A. Salvati Masonry Inc. v. Andreozzi*, 151 A.3d 745, 750 (R.I. 2017) (quoting *In re Jake G.*, 126 A.3d 450, 458 (R.I. 2015)) ("Generally, we deem an issue waived 'when a party [s]imply stat[es] an issue for appellate review, without a meaningful discussion thereof * * *.'").

9

that "[w]hen a corporate officer agrees to be liable for a debt of the corporation, it is not necessary for consideration to move to the officer personally[,]" but, rather, "[i]t is enough if the corporation receives the consideration." *Id.* (quoting *Katz v. Prete*, 459 A.2d 81, 86 (R.I. 1983)).

Here, Paolo held himself out as a corporate officer, and he clearly agreed to be liable for the debts of Alpha, through his signature on the personal guaranty, which he does not dispute he signed. For such a personal guaranty to be valid, the underlying termination agreement must have been supported by some consideration received by the corporation, which was present in this case in that Alpha was released early from its lease obligations in exchange for a promise to pay West Davisville $62,362.50. *See Tri-Town Construction Co.*, 139 A.3d at 477; *see also Voccola*, 139 A.3d at 414. Consequently, we agree with the hearing justice's grant of the plaintiff's motion for summary judgment.[8]

## IV

### Conclusion

Accordingly, the Superior Court's judgment is affirmed. The record may be returned to that tribunal.

---

[8] Paolo did not contest the trial justice's award of attorneys' fees, costs, and expenses on appeal.

10

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | West Davisville Realty Co., LLC v. Alpha Nutrition, Inc. et al. |
| **Case Number** | No. 2017-87-Appeal.<br>(PC 15-5306) |
| **Date Opinion Filed** | April 19, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Michael A. Silverstein |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Paul V. Sullivan, Esq.<br>Glen R. Whitehead, Esq.<br><br>For Defendant:<br><br>Daniel P. McKiernan, Esq. |