March 18, 2020

**Supreme Court**

No. 2019-14-Appeal.
(WC 16-467)

Modupe Osifodurin                    :

v.                              :

Residential Credit Solutions, Inc., et al.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Modupe Osifodurin           :

v.           :

Residential Credit Solutions, Inc., et al.    :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** The plaintiff, Modupe Osifodurin, appeals *pro se* from an order dismissing her claims against the defendants, Residential Credit Solutions, Inc.; FV REO I, LLC; Franklin Venture, LLC; and DLJ Mortgage Capital, Inc. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. However, because the plaintiff did not appear for oral argument, we decide this case on the written submissions of the parties and on the record. After thoroughly examining the record and the written submissions of the parties, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

# I

## Facts and travel

On September 2, 2016, plaintiff filed suit against defendants, seeking a declaratory judgment concerning the propriety of the foreclosure of plaintiff's property located at 351 Tomaquag Road in Hopkinton (the property). As part of her complaint, plaintiff sought to quiet title concerning the property and an award of punitive damages, attorneys' fees, and costs.

On April 11, 2018, plaintiff filed a motion, *pro se*, for a temporary restraining order, mandatory injunctive relief, and declaratory relief. DLJ Mortgage Capital filed an objection to the motion based on plaintiff's failure to serve the summons and complaint upon the other three defendants, Residential Credit Solutions, Inc.; FV REO I, LLC; and Franklin Venture, LLC. DLJ Mortgage Capital argued that, because those companies were indispensable parties to the declaratory judgment action, plaintiff was required to serve process on them. At the hearing, the hearing justice agreed with DLJ Mortgage Capital and denied plaintiff's motion.

The plaintiff then moved for reconsideration of the hearing justice's denial of plaintiff's motion. DLJ Mortgage Capital objected for the same reasons it had advanced in its objection to plaintiff's original motion. At the hearing, the hearing justice again denied plaintiff's motion, citing plaintiff's failure to serve indispensable parties. However, the hearing justice then took an additional step and dismissed plaintiff's complaint for failure to serve all indispensable parties. An order entered dismissing the action for failure to timely serve all parties. The plaintiff timely appealed.

## II

## Discussion

On appeal, plaintiff argues that the hearing justice erred (1) when she failed to provide plaintiff with an adequate opportunity or time to respond to her failure to serve process on indispensable parties and (2) when she held that defendants Residential Credit Solutions, Inc.; FV REO I, LLC; and Franklin Venture, LLC, are indispensable parties.

We note at the outset that, even though plaintiff has submitted a memorandum of law to this Court, she has not provided this Court with any meaningful discussion of the issues raised on appeal, as required by Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. The plaintiff's Rule 12A statement includes only the most cursory explanation of these issues. Further, plaintiff, despite having been provided with proper notice, failed to appear at oral argument to explain or account for any deficiencies in her Rule 12A statement. This failure to meaningfully discuss the issues raised on appeal, either in writing or orally, is fatal to plaintiff's appeal. Without the benefit of any meaningful discussion, we therefore consider plaintiff's arguments to be waived. *See Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019) ("This Court generally deems an issue waived 'when a party simply states an issue for appellate review, without a meaningful discussion thereof.'" (quoting *A. Salvati Masonry Inc. v. Andreozzi*, 151 A.3d 745, 750 (R.I. 2017))).

We pause to observe that the order dismissing plaintiff's complaint does not specify whether the complaint was dismissed with or without prejudice. From our review of the record, it is clear that the hearing justice dismissed plaintiff's complaint against Residential Credit Solutions, Inc.; FV REO I, LLC; and Franklin Venture, LLC pursuant to Rule 4(*l*) of the Superior Court

Rules of Civil Procedure.[1]  Because a dismissal under Rule 4(*l*) is without prejudice, the hearing justice's dismissal of plaintiff's complaint against Residential Credit Solutions, Inc.; FV REO I, LLC; and Franklin Venture, LLC is similarly without prejudice. *See Lindia v. Nobles*, 760 A.2d 1244, 1245-46 (R.I. 2000); Super. R. Civ. P. 4(*l*).

The hearing justice also dismissed the plaintiff's complaint against DLJ Mortgage Capital because she had failed to join indispensable parties to her action for a declaratory judgment. *See Rosano v. Mortgage Electronic Registration Systems, Inc.*, 91 A.3d 336, 339 (R.I. 2014) ("Ordinarily failure to join all persons who have an interest that would be affected by the declaration is fatal." (brackets omitted) (quoting *Burns v. Moorland Farm Condominium Association*, 86 A.3d 354, 358 (R.I. 2014))).  As to the dismissal of the plaintiff's complaint against DLJ Mortgage Capital for failure to join indispensable parties, the plaintiff's complaint similarly was dismissed without prejudice. *See Burns*, 86 A.3d at 360, 361-62 (holding that dismissal for failure to join indispensable parties was without prejudice).

### III

### Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court.  The record shall be remanded to the Superior Court.

---

[1] Rule 4(*l*) of the Superior Court Rules of Civil Procedure states, in part:
> "If service of the summons, complaint, Language Assistance Notice, and all other required documents is not made upon a defendant within one hundred and twenty (120) days after the commencement of the action the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice[.]"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Modupe Osifodurin v. Residential Credit Solutions, Inc., et al. |
| **Case Number** | No. 2019-0014-Appeal. (WC 16-467) |
| **Date Opinion Filed** | March 18, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff: Modupe Osifodurin, Pro Se |
| | For Defendants: Shawn M. Masterson, Esq. |

SU-CMS-02A (revised June 2016)